UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASSACHUSETTS BAY INSURANCE CO., *et al.*,

    Plaintiffs,

v.

PUSH HDD, LLC, *et al.*,

    Defendants.

Case No. C17-1174RSM

ORDER DENYING CROSS-DEFENDANT REECE'S MOTION TO DISMISS

## I.     INTRODUCTION

This matter comes before the Court on Cross-Defendant Reece Construction Company's ("Reece") Motion to Dismiss. Dkt. #54. Specifically, Reece argues that Cross-Claimant Zurich American Insurance Company's ("Zurich") crossclaims should be dismissed for failure to state a claim under Washington's Uniform Declaratory Judgments Act and for the failure to join an indispensable party. *Id.* Zurich responds that it has both adequately stated its cross-claims and that there are no indispensable parties that need to be joined. Dkt. #57. For the reasons set forth below, the Court agrees with Zurich and DENIES Reece's motion.

## II.     BACKGROUND

This is an insurance matter arising from a water pipeline construction project on Tulalip tribal land. The matter was filed in this Court on August 2, 2017. Dkt. #1. Since that date, numerous parties, including the original Plaintiffs have been dismissed. Dkts. #17, #53 and #56.

ORDER
PAGE - 1

The only remaining parties are Defendants Push HDD, LLC, Reece and Zurich on the cross-claims between them. The instant motion involves the cross-claim made by Zurich against Reece. *See* Dkt. #37.

In the Second Amended Complaint, Plaintiffs alleged as follows:

> 9. This dispute arises out of a water pipeline construction project for The Tulalip Tribes of Washington ("Tulalip Tribes") near Marysville, Washington ("the Project").
>
> 10. Reece was the general contractor for the Project.
>
> 11. Push was a subcontractor hired to perform horizontal directional drilling and pipe ramming.
>
> 12. Push and Reece entered into a Subcontract Agreement regarding the Project on February 22, 2016.
>
> 13. The Subcontract Agreement required Push to defend and indemnify Reece against claims for damages resulting from Push's work on the Project.
>
> 14. The Subcontract Agreement required Push to maintain a general liability insurance policy with limits up to $2,000,000 per occurrence and aggregate. The Subcontract Agreement further required that Reece and Tulalip Tribes be named as additional insureds under the general liability policy and that this additional insured coverage be primary over Reece's insurance policy.
>
> . . .
>
> 18. Push began work on the Project on or about March 28, 2016.
>
> 19. The Project was stalled by various delays and disruptions in relation to the work Push was hired to perform on the Project. These delays and disruptions gave rise to the underlying dispute in this case.
>
> . . .
>
> 21. On March 10, 2017, Push instituted an arbitration proceeding, American Arbitration Association Case No. 01-17-001-5069 (the "Underlying Arbitration"), against Reece, the Tulalip Tribes and Reece's surety bondholder, F&D Company of Maryland.
>
> . . .

ORDER
PAGE - 2

34. Push alleged that Reece has wrongfully withheld $958,061.80 in payments owed for work pursuant to the subcontract agreement. Push also alleged that it sustained further damages in excess of $7,000,000 caused by differing site conditions and delays in its operations caused by Reece and the Tulalip Tribes. Finally, Push asserted that F&D Company of Maryland should pay the damages owed by Reece under the surety bond.

35. Push asserted claims of breach of contract and failure to pay amounts owed to a subcontractor under RCW 39.04.250 against Reece. Push also asserted claims of negligence and breach of warranty against the Tulalip Tribes for their role in causing delays and extra costs related to misrepresentation of site conditions. Push further asserted claims of quantum meruit and unjust enrichment against Reece and the Tulalip Tribes. Finally, Push asserted a claim for payment under the surety bond for Reece.

. . .

36. In response to Push's Statement of Claim, Reece submitted a Pass-Through Claim to Tulalip Tribes pursuant to the dispute resolution terms contained in the Main Contract. In this claim, Reece generally and repeatedly alleged that any damages incurred in relation to Push's claims were either caused by Push or Tulalip Tribes. Reece included a claim for its alleged damages in the form of extra costs incurred due to delays, repairs and additional work.

. . .

85. On information and belief, Zurich issued a commercial general liability policy, policy number GLO467839, to Push which was in effect from July 1, 2015 to July 1, 2016 (the "Zurich Policy").

86. On information and belief, Zurich issued an excess liability policy, policy number CH13EXC787900IC, to Push which was in effect from July 1, 2015 to July 1, 2016 (the "Zurich Policy").

87. On information and belief, the Zurich Policy and Zurich Excess Policy provided additional insured coverage for Push and Tulalip Tribes under the terms stated therein.

88. On April 5, 2017, Reece tendered a claim to Zurich for defense and indemnity under the Zurich Policy and Zurich Excess Policy with regard to the Underlying Arbitration.

. . .

ORDER
PAGE - 3

> 93. Zurich owed and owes a duty to defend Push, Reece and Tulalip Tribes in the Underlying Arbitration based on the terms of the Zurich Policy and Zurich Excess Policy.
>
> 94. Zurich has not provided a defense to Push, Reece or Tulalip Tribes and has not agreed to contribute to the defense being provided by Plaintiffs with regard to the Underlying Arbitration.

Dkt. #28 at ¶ ¶ 9-14, 18, 19, 21, 34-36, 85-88 and 93-94.

Zurich answered the Complaint, denying many of Plaintiffs' factual allegations, and asserted a cross-claim against Reece. Dkt. #37. In support of its cross-claim, Zurich (referred to as "ZAIC" in its Answer and Cross-Claim) alleges as follows:

> 3. ZAIC issued a commercial general liability to named insured PUSH HDD, LLC ("PUSH"), Policy No. GLO 4678739-02, effective July 1, 2015 to July 1, 2016. Reece and The Tribes have claimed to be additional insureds under this policy. In general terms, and subject to all of its terms, limitations, definitions, exclusions and conditions, this policy provides coverage for sums the insured becomes legally obligated to pay as damages because of property damage to which the insurance applies.
>
> . . .
>
> 5. Unbeknownst to ZAIC at the time, on or around March 10, 2017 PUSH filed a Statement of Claim with the American Arbitration Association. This Statement of Claim contains no allegations of "property damage" as defined in Policy No. GLO 4678739-02. Rather, this Statement of Claim "makes the following demand for mediation" related to a dispute between contracting parties – PUSH, Reece Construction Company ("Reece"), and the Tulalip Tribes ("The TRIBES") of Washington – arising from "the Project" referenced in Plaintiffs' Second Amended Complaint.
>
> . . .
>
> 9. Under Policy No. GLO 4678739-02, ZAIC has a duty to defend "suits," which mean "a civil proceeding in which damages because of 'property damage' to which this insurance applies are alleged." The term "suit" includes "an arbitration proceeding" and "any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent." ZAIC was not consulted about nor did it consent to the "demand for mediation" made in PUSH's Statement of Claim. Nonetheless ZAIC endeavored to understand the information provided to it.

>10. On or around December 14, 2017, plaintiffs filed their Second Amended Complaint, naming ZAIC as a defendant in this action, and asserting a claim for contribution for defense expenses against ZAIC, and at the same time seeking a declaration that their policies did not cover the Project related claims among the parties.
>
>11. On or around January 8, 2018, ZAIC attended the mediation between PUSH, Reece and The Tribes, as did plaintiffs.
>
>12. In compromise of a disputed claim, ZAIC has agreed, and has communicated to plaintiffs its agreement, to pay the requested shares of expenses plaintiffs incurred in providing legal representation to PUSH, Reece and The Tribes.
>
>13. ZAIC further understands, based on information and belief, that PUSH, Reece and The Tribes have settled their claims, and that plaintiffs and Defendant Hudson contributed to their settlement.
>
>By way of Cross-Claim relief against all defendants, ZAIC seeks a declaratory judgment that:
>
>14. ZAIC, by agreeing to pay the requested shares of defense costs paid by plaintiffs on behalf of PUSH, Reece, and The Tribes, subject only to receipt and review of the bills, that plaintiffs' claim for contribution, and any claim by defendants for payment of defense expenses, are satisfied upon actual payment to plaintiffs when made; and
>
>15. ZAIC has no duty to indemnify Hudson, PUSH, Reece, and/or The Tribes for claims made by these parties against each other related the Project.

Dkt. #37 at *Cross-Claim* ¶ ¶ 3, 5 and 9-15.  The instant motion followed.

### III. DISCUSSION

**A. Legal Standard for Motions to Dismiss Under 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

### B. Legal Standard for Failure to Join Necessary Party

Under Federal Rule of Civil Procedure 19, if feasible, a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if certain criteria are met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

### C. Failure to Join Tulalip Tribes

Reece first argues that the Insurers' failure to join the Tulalip Tribes as a party to this action is an insuperable bar to relief under Washington's Uniform Declaratory Judgment Act.[1] Dkt. #54 at 8-9. Reece asserts that the Tribes have an interest in the construction of the Zurich insurance policy and in the manner of its application to the events and liabilities underlying this

---

[1] The Court notes that when this action was initially filed, the Tulalip Tribes were named as Defendants. Dkt. #1 at ¶ 5. However, after the Tribes filed a motion to dismiss based on sovereign immunity, Plaintiffs voluntarily dismissed the Tribes as a Defendant and they have not participated in this case. *See* Dkts. #14 and #17.

ORDER
PAGE - 6

coverage action, and therefore the Tribes are required to be named under RCW 7.24.110, *et seq. Id.* Zurich responds that it is not asserting its claim under Washington's statute, but rather under the federal Declaratory Judgment Act. Dkt. #57 at 5-6. Reece replies that even under the federal Declaratory Judgment Act, this Court can still determine whether the matter "should" proceed in the absence of the Tulalip Tribes. Dkt. #59 at 4. Given that this question is fact specific, the Court first analyzes whether Tulalip is a necessary party under Rule 19.

As noted above, a party must be joined if certain criteria are met. For the following reasons, the Court agrees with Zurich that the Tulalip Tribes is not a necessary party in this case. First, even in the Tribes' absence, the Court can afford complete relief between Zurich and Reese with respect to the question of whether Zurich is required to indemnify Reece under its insurance contract. The policy at issue contains a separation of insureds clause providing that the insurance applies separately to each insured. Dkt. #58 at ¶ 2, Ex. 1. Thus, the Tribes are not required to be joined under Rule 19(a)(1)(A).

Likewise, Reece cannot demonstrate that joinder is required under Rule 19(a)(1)(B). Under that subsection of the Rule, joinder is "contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). In this case, the Tulalip Tribes is certainly aware of this action, as it was previously a Defendant to this matter and was present at mediation where Zurich was also present. Rather than assert any claim of its own, it chose to rely on its sovereign immunity as the basis for a dismissal from this case, which ultimately led to its voluntary dismissal. The Ninth Circuit Court of Appeals has held that district courts do not err by holding that joinder is "unnecessary" when the party at issue declines to claim interest in the matter. *See United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999);

*Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1460 n.18 (9th Cir. 1996) (holding that "Westwood was not an indispensable party to the proceedings," because "Westwood had not claimed an interest in Buster's limited partnership interest at the time of the default judgment"); *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994) (holding that, because the absent party "did not feel that it was necessarily in his interest to remain a party in this action," "it is inappropriate for one defendant to attempt to champion [the] absent party's interests"); *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043-44 (9th Cir. 1983) (holding that the absent party – the government – was not "necessary" within the meaning of Rule 19, in part because the government "has never asserted a formal interest in either the subject matter of this action or the action itself. On the contrary, the record reflects that the government has meticulously observed a neutral and disinterested posture . . . ."). Accordingly, the Court concludes that the Tulalip Tribes is not required to be joined as a party to this matter.

As a result, the Court also finds that the failure to join the Tulalip Tribes does not compel dismissal of Zurixh's cross-claim as to indemnity. Therefore, Reece's motion will be denied.

### IV. CONCLUSION

Accordingly, having reviewed Reece's motion to dismiss, Zurich's opposition thereto, and the reply of Reece in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Reece's motion to dismiss (Dkt. #54) is DENIED.

DATED this 23rd day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8